UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY DeSAINT and BARBARA KEENAN, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DELTA AIR LINES, INC.<br><br>Defendants. | CIVIL ACTION NO.  13-11856 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Delta Air Lines, Inc. ("Defendant") hereby seeks the removal of the above-captioned action from the Superior Court of the Commonwealth of Massachusetts, Suffolk County, to the United States District Court for the District of Massachusetts.  This Court has original subject matter jurisdiction over Plaintiffs' lawsuit under the Class Action Fairness Act of 2005 ("CAFA"), because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Defendant, the number of proposed class members exceeds 100 individuals, and the amount placed in controversy by Plaintiffs' Complaint exceeds $5 million in the aggregate.  This Court also has original subject matter jurisdiction over Plaintiffs' lawsuit under 28 U.S.C. § 1332(a), because complete diversity exists and the amount in controversy with respect to Plaintiffs' individual claims exceeds $75,000.

I.     **SUMMARY OF COMPLAINT**

1.     This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

2.     On or about June 3, 2013, Plaintiffs Nancy DeSaint and Barbara Keenan

("Plaintiffs") commenced this action against Defendant by filing a Complaint in the Superior Court for the Commonwealth of Massachusetts, captioned *Nancy DeSaint & Barbara Keenan, on behalf of themselves and others similarly situated v. Delta Air Lines, Inc.*, C.A. No. 13-2030-D. A true and correct copy of the Complaint together with all process filed with the Suffolk Superior Court in the state court action is attached hereto as Exhibit A.

3. On or about July 3, 2013, Plaintiffs served Defendant with copies of the Complaint in this action.

4. Plaintiffs purport to bring and maintain this action as a class action under Massachusetts Rule of Civil Procedure 23 and Massachusetts General Law ("Mass. Gen. L.") Chapter 149, Section 150. Compl. ¶ 14. Plaintiffs seek to represent the following class: "[A]ll other individuals who have worked for Delta out of Logan Airport in East Boston, Massachusetts, and have not received all wages to which they are entitled." *Id*.

5. Plaintiffs seek to recover unpaid wages, general damages, statutory trebling of wage-related damages, pre- and post-judgment interest, attorneys' fees and costs on behalf of the proposed class based on the following four causes of action: (1) failure to pay flight attendants all wages owed to them pursuant to Mass. Gen. L. c. 149, § 148; (2) failure to pay overtime pursuant to Mass. Gen. L. c. 151, § 1A; (3) breach of the implied contract to abide by the wage laws with respect to payment of wages to flight attendants; and (4) unjust enrichment/quantum meruit. Compl. pp. 4-5 (Counts I-IV).

6. Plaintiffs' Complaint is framed as a putative class action and seeks recovery for purported wage and hour violations under Massachusetts law. Therefore, for purposes of this Notice of Removal, this matter is a class action as that term is defined pursuant to 28 U.S.C. §§

1332(d)(1)(B) and 1453.[1]

II. **THE REMOVAL IS TIMELY**

7. Defendant has timely removed this action within thirty (30) days of service. Plaintiffs served Defendant's agent for service of process in Massachusetts with the Complaint on July 3, 2013. Because this Notice of Removal is filed within thirty (30) days of service of the Complaint on Defendant, it is timely under 28 U.S.C. §§ 1446(b) and 1453.

8. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

III. **THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

9. This Court has original jurisdiction based on diversity of citizenship under CAFA, because this matter was brought as a class action, diversity of citizenship exists between one or more members of the putative class and Defendant, the number of proposed class members is 100 or greater, and the amount placed in controversy by Plaintiffs' Complaint, exceeds, in the aggregate, $5 million, exclusive of interests and costs. 28 U.S.C. §§ 1332(d), 1453. No exception to the exercise of federal jurisdiction applies. *See*, *e.g.*, U.S.C. § 1332(d)(4)(A)-(B). Removal under diversity jurisdiction is therefore proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453.

10. The Court also has original jurisdiction, pursuant to Section 1332 of Title 28, because the dispute is between citizens of different states and the amount in controversy with respect to Plaintiffs' claims exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332.

---

[1] Defendant does not concede, and reserves the right to contest, Plaintiffs' allegation that this lawsuit may properly proceed as a class action.

A.     **Diversity of Citizenship Exists**

11.    Plaintiff Keenan was at the time of the commencement of this action, and is now, a resident and citizen of the Commonwealth of Massachusetts. Compl. ¶ 3.

12.    Plaintiff DeSaint was at the time of the commencement of this action, and is now, a resident and citizen of Cranston, Rhode Island. Compl. ¶ 2.

13.    Defendant was at the time of the commencement of this action, and is now, a publicly traded company, incorporated in Delaware, with its principal place of business in Atlanta, Georgia. Compl. ¶ 5; Declaration of Brian Moreau ("Moreau Decl.") ¶ 2, attached hereto as Exhibit C.

14.    As a result, and for the purpose of 28 U.S.C. § 1332(a), there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(c)(1).

15.    In order to satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists – that is, that one putative class member is a citizen of a state different from that of Defendant. 28 U.S.C. § 1332(d)(2).

16.    Based on the above, at least one member of the putative class is a citizen of a state different from Defendant, as Plaintiff Keenan is a citizen of Massachusetts and Plaintiff DeSaint is a citizen of Rhode Island, while Defendant is not a citizen of either state. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which any member of a class of plaintiffs is a citizen of a State different from any Defendant").

B.     **The Amount-In-Controversy Requirement Under CAFA Is Satisfied**

17.    Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(6).

18.     In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. Rep. 109-14, at 42 (2005).

19.     Where, as here, plaintiffs do not expressly plead a specific amount of damages, a defendant must only show a reasonable probability that the amount in controversy exceeds $5 million. *Sierra v. Progressive Direct Ins. Co.*, Civil Action No. 12-30020-FDS, 2012 WL 4572923, at *2 (D. Mass. Sept. 28, 2012). The Plaintiffs' likelihood of success on the merits is irrelevant to the question of the court's jurisdiction, as "the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 n. 6 (D. Mass. 2009). As "questions of removal are typically decided at the pleadings stage where little or no evidence has yet been produced, the issue should be resolved without an extensive fact-finding inquiry or 'mini-trial' about the amount in controversy." *Sierra*, 2012 WL 4572923 at *2.

20.     While Defendant denies Plaintiff's claims and denies that Plaintiffs or the putative class they purport to represent are entitled to the relief for which they have prayed,[2] it is clear that, when the maximum potential values of the claims of Plaintiffs and the putative class

---

[2]     This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint. Defendant's reference to specific damages amounts and its citation to comparable cases are provided solely for the purpose of establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendant maintains that each of Plaintiffs' claims is without merit and that Defendant is not liable to Plaintiffs or the putative class they claim to represent. Defendant specifically denies that Plaintiffs have suffered any damage as a result of any act or omission by Defendant. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover these damages based upon the allegations contained in the Complaint or otherwise.

members are aggregated, the allegations within Plaintiffs' Complaint "more likely than not" put into controversy an amount in excess of $5 million.

        1.      **Information Relevant To Amounts at Issue.**

21.      Plaintiffs' Complaint does not define the class period.

22.      The statute of limitations for a claim for unpaid wages in Massachusetts is three years.  Mass Gen. L. c. 149, § 150.

23.      Thus, as Plaintiffs filed their Complaint on June 3, 2013, the class period would be June 3, 2010 through the conclusion of this action.

24.      During the period of June 3, 2010 through July 31, 2013, approximately 436 active flight attendants for Defendant were based out of Logan Airport in East Boston, Massachusetts ("Boston-based flight attendants") during each month.  Moreau Decl. ¶ 7.[3]

25.      In June 2013, the average Boston-based flight attendant was assigned approximately 19.6 segments (*i.e.* individual flights).  Moreau Decl. ¶ 10.  Further, the average segment involves approximately 40 minutes in boarding time and approximately 15 minutes for deplaning time.  Moreau Decl. ¶ 11.  Thus, on average, a Boston-based flight attendant spent approximately 18 hours of his/her overall duties in June 2013 during times when passengers were boarding or deplaning.

26.      Defendant's work rules require a minimum of nine hours rest for flight attendants after every duty period, though the average rest period far exceeds that amount.  Moreau Decl. ¶ 12. Accordingly if a flight attendant has a two day assignment consisting of two duty periods, at

---

[3]     On October 29, 2008, Delta acquired Northwest Airlines pursuant to a merger agreement. Following the completion of regulatory processes overseen by the Federal Aviation Administration, Northwest Airlines was merged into Delta on or about December 31, 2009. Moreau Decl. ¶ 4.

a minimum, the flight attendant must receive a minimum of nine hours rest between those duty periods.

### 2. Plaintiffs' Claim For Unpaid Wages Exceeds The $5 Million In Controversy Threshold

27. In their first cause of action, Plaintiffs allege that Defendant failed to pay its flight attendants all wages that were owed to them. Compl. pp. 4-5 (Count I).

28. Plaintiffs' claim includes the allegation that flight attendants are not compensated for their work before a flight takes off and after a flight lands. Compl. ¶¶ 7-8.

29. Defendant's calculation of the amount at issue with respect to this allegation is based on the time spent by the average flight attendant (as defined above) in June 2013 applied to the 38 month period between June 3, 2010 and July 31, 2013. For purposes of this Notice only, Defendant's calculations assume, very conservatively, that putative class members were compensated at the lowest hourly rate permitted under Massachusetts law – $8 per hour – though the minimum rate earned by flight attendants far exceeded that amount each year. Based on those assumptions, the amount placed at issue by the Plaintiffs relating to the allegation referenced in ¶ 28, *supra*, for boarding/deplaning time is approximately **$2,385,792**.

| Period | Assumed Hourly Rate | Average Hours | Months | Flight Attendants | Amount at Issue |
|---|---|---|---|---|---|
| June 2010 – July 2013 | $8 | 18 | 38 | 436 | $2,385,792 |

30. When trebled under Mass. Gen. L. c. 149, § 150, the amount Plaintiffs may place in controversy with respect to the alleged boarding and deplaning time claim equals **$7,157,376**.

31. Plaintiffs' claim also includes the allegation that flight attendants are not properly compensated for travel time, including overnight travel and travel required to return to their base after a flight. Compl. ¶ 9.

32.     Although Plaintiffs do not specify what is meant by the allegations in Paragraph 9 of the Complaint, for purposes of this Notice only, Defendant presumes that "overnight travel" refers to time spent away from base involving an overnight stay for rest between duty periods. For purposes of this Notice only, Defendant's calculation of the amount at issue with respect to this allegation is based on the conservative assumption that the average flight attendant had one assignment per month that required Defendant's minimum of nine hours rest.  The calculation also conservatively assumes, again, that the putative class members were compensated at the lowest hourly rate permitted under Massachusetts law – $8 per hour.  Based on those assumptions, the amount placed at issue by the Plaintiffs for "overnight travel" is approximately **$1,192,896:**

| Period | Assumed Hourly Rate | Average Hours | Months | Flight Attendants | Amount at Issue |
|---|---|---|---|---|---|
| **June 2010 – July 2013** | $8 | 9 | 38 | 436 | $1,192,896 |

33.     When trebled under Mass. Gen. L. c. 149, § 150, the amount Plaintiffs may place in controversy with respect to the travel time claim equals **$3,578,688**.

        3.     **Summary of Amount In Controversy**

34.     Thus, although Defendant expressly denies Plaintiffs' allegations and theories of recovery, and expressly denies that they or the putative class they purport to represent is entitled to any of the requested relief, the amount in controversy associated with Plaintiffs' aggregated claims clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2).

35. Based on the calculations outlined above, the amount placed in controversy by only two of Plaintiffs' claims for unpaid wages exceeds $10,736,064 as follows:

- Boarding/Deplaning time:   $2,385,792
- Overnight travel:   $1,192,896
- Sub-total:   $3,578,688
- **TOTAL (trebled):   $10,736,064**

This calculation of the amount in controversy does not take into account Plaintiffs' additional causes of action or their demand for attorneys' fees. *See Lenahan v. Dick's Sporting Goods, Inc.,* Civil Action No. 10-11832-RGS, 2010 WL 5092254 at *1 (D. Mass. Dec. 8, 2010) (stating that attorneys' fees are properly included in amount in controversy calculations); *Spielman v. Genzyme Corp.*, 193 F.R.D. 19, 21 (D. Mass. 2000) (finding that attorneys' fees can be included in the assessment of the amount in controversy when provided by statute).

36. CAFA provides for two primary exceptions to the exercise of federal jurisdiction, the so-called "home-state" and "local controversy" exceptions. *See* 28 U.S.C. §§ 1332(d)(4)(A)-(B). Plaintiffs bear the burden of proof as to the applicability of these exceptions. *Manson,* 602 F. Supp. 2d at 295; S. Rep. No. 109-14 at 42 (exceptions to CAFA jurisdiction should be interpreted narrowly and doubts should be resolved "in favor of exercising jurisdiction over the matter"). Plaintiffs cannot meet their burden of proving that either exception applies, particularly as Defendant is not a citizen of Massachusetts. *See* ¶ 12, *supra.*

    C.    **Removal Is Also Proper With Respect To Plaintiffs' Individual Claims Under 28 U.S.C. § 1332.**

37. Although Defendant expressly denies Plaintiffs' allegations and theories of recovery, and expressly denies that Planitiffs are entitled to any of the requested relief, the Court also has original jurisdiction pursuant 28 U.S.C. § 1332, because Plaintiffs and Defendant are

citizens of different states and the amount in controversy with respect to Plaintiffs' individual claims exceeds $75,000.  28 U.S.C. § 1332.

IV. **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

38. As set forth above, this Notice of Removal is filed within thirty days of service of the Complaint upon Defendant.

39. As Plaintiffs originally filed this action in the Superior Court of the Commonwealth of Massachusetts, removal to the United States District Court for the District of Massachusetts is proper under 28 U.S.C. Section 1441(a).

40. As required by 28 U.S.C. Section 1446(d), Defendant will provide notice of this removal to Plaintiffs through their attorneys of record.

41. As required by 28 U.S.C. Section 1446(d), a copy of this Notice will be filed with the Superior Court of the Commonwealth of Massachusetts.

42. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief in support of its position that this case is removable and that CAFA's limited exceptions to federal jurisdiction are inapplicable.

**WHEREFORE**, Defendant, desiring to remove this case to the United States District Court for the District of Massachusetts, prays that the filing of this Notice of Removal shall effect the removal of this action to this Court.

Dated: August 2, 2013

Respectfully submitted,

MORGAN LEWIS & BOCKIUS LLP

By: */S/ Peter J. Mee*
    Lisa Stephanian Burton (BBO 562016)
    Peter J. Mee (BBO 677081)
    225 Franklin Street, 16th Floor
    Boston, MA 02110
    Telephone: 617.341.7700
    Facsimile: 617.341.7701
    lburton@morganlewis.com
    pmee@morganlewis.com

    Ira G. Rosenstein
    Brendan T. Killeen
    101 Park Avenue
    New York, NY 10178
    Telephone: 212.309.6000
    Facsimile: 212.309.6001
    irosenstein@morganlewis.com
    bkilleen@morganlewis.com

    *Attorneys for Defendant*
    *Delta Air Lines, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 2, 2013, I electronically filed the above document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel registered for ECF service and by first class mail, postage prepaid to:

Hillary Schwab
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
hillary@fairworklaw.com

*/s/ Peter J. Mee*
Peter J. Mee