# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, SS.**                    Superior Court Department
                                    Civil Action No. 13-2030

NANCY DeSAINT and BARBARA KEENAN, )
on behalf of themselves )
and others similarly situated, )
)
Plaintiffs, )
)
v. )   **JURY DEMANDED**
)
DELTA AIR LINES, INC., )
)
Defendant. )

**CLASS ACTION COMPLAINT**

**I.  INTRODUCTION**

1.  This is an action brought on behalf of individuals who have worked as flight attendants in Massachusetts for Defendant Delta Air Lines, Inc. Delta has engaged in numerous violations of the wage laws in its treatment of its flight attendants, including not paying employees for all hours worked and not paying overtime. Named plaintiffs Nancy DeSaint and Barbara Keenan bring this action on behalf of themselves and others similarly situated and seek recovery of all unpaid wages and overtime. Plaintiffs also seek treble damages, interest, costs and attorneys' fees, and all other relief to which they are entitled. Finally, Plaintiff brings claims under the common law for breach of contract and unjust enrichment/quantum meruit.

## II. PARTIES

2. Plaintiff Nancy DeSaint is an adult resident of Cranston, Rhode Island. She has been employed as a flight attendant for Delta, based out of Logan Airport in East Boston, Massachusetts since approximately 1991.

3. Plaintiff Barbara Keenan is an adult resident of Salem, Massachusetts. She was employed as a flight attendant for Delta, based out of Logan Airport in East Boston, Massachusetts from approximately 1991 to June 2012.

4. The above-named Plaintiffs bring this action on behalf of themselves and all others similarly situated, namely all other individuals who have worked for Delta out of Logan Airport in East Boston, Massachusetts and have not received all wages to which they are entitled, as described below. The proposed class meets the requirements for class certification in Mass. Gen. L. c. 149 § 150, Mass. Gen. L. c. 151 § 1B, and/or Mass. R. Civ. P. 23.

5. Defendant Delta Air Lines, Inc. is a corporation based in Atlanta, Georgia that operates out of airports all over the country, including Logan Airport in East Boston, Massachusetts.

## III. FACTS

6. Delta does not pay its flight attendants for all hours worked.

7. For example, flight attendants are typically paid only for hours flown and are not compensated for their work before a flight takes off and after a flight lands.

8. Flight attendants are required to perform work before flights take off and after landing, but they are typically not compensated for that work.

9. Additionally, flight attendants are not properly compensated for travel time, including overnight travel and travel required to return to their base after a flight.

10. Flight attendants are not fully compensated for all time on duty nor are they fully compensated for on-call time, when they are required to report for work but are not ultimately assigned to a flight.

11. Flight attendants regularly work more than forty hours per week, but they are not paid time and a half for hours worked over forty per week.

12. By working for Delta without compensation, the flight attendants confer a benefit on Delta, and Delta is enriched through receiving the benefit of this unpaid work. Additionally, the performing of this unpaid work is a detriment to the flight attendants.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 § 150, named plaintiffs Nancy DeSaint and Barbara Keenan have filed their statutory claims with the Office of the Attorney

General and have received right-to-sue letters in order to proceed on these claims in court.

**V.   CLASS ALLEGATIONS**

14.   Pursuant to Mass. R. Civ. P. 23, Mass. Gen. L. c. 149 § 150, and Mass. Gen. L. c. 151 § 1B, Plaintiffs bring this class action lawsuit on behalf of themselves and all other individuals who have worked for Delta out of Logan Airport in East Boston, Massachusetts and have not received all wages to which they are entitled.

15.   The members of the class are so numerous that joinder of all of them is impracticable.

16.   There are issues of law and fact common to all class members, because Delta's wage payment practices apply to all class members. The common questions of law and fact predominate over any questions affecting individual class members.

17.   The claims of the named Plaintiffs are typical of the claims of all members of the class, because all members of the class were subject to the same unlawful practices.

18.   The named Plaintiffs and their counsel will fairly and adequately represent the interests of the class.

**COUNT I**
UNPAID WAGES

Defendant's conduct in failing to pay its flight attendants working out of Massachusetts all wages that have been owed to them, in failing to make timely payment of all wages, and in requiring workers to work

unpaid hours, as set forth above, violates Mass. Gen. L. c. 149 § 148. This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT II
### OVERTIME VIOLATIONS

Defendant's failure to pay its flight attendants working out of Massachusetts time and a half for all hours worked, as set forth above, violates Mass. Gen. L. c. 151 § 1A. This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT III
### BREACH OF CONTRACT

Defendant's conduct, as set forth above, constitutes breach of the implied contract that Defendant abide by the wage laws in its payment of wages to its flight attendants working out of Massachusetts, pursuant to the common law of Massachusetts.

## COUNT IV
### UNJUST ENRICHMENT/QUANTUM MERUIT

Defendant's conduct, as set forth above, in reaping unfair benefit through the violations described above render them liable under the common law doctrines of unjust enrichment/quantum meruit, pursuant to the common law of Massachusetts.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150, and Mass. Gen. L. c. 151 § 1B;

2. An award of damages for all wages that are due to the named plaintiffs and all similarly situated employees;

3. Statutory trebling of all wage-related damages;

4. Damages for violations of the common law;

5. Attorneys' fees and costs;

6. Pre- and post-judgment interest; and

7. Any other relief to which the named plaintiffs and similarly situated employees may be entitled.

        Respectfully submitted,

        NANCY DeSAINT and BARBARA KEENAN, on behalf of themselves and all individuals similarly situated,

        By their attorneys,

        /s/ Hillary Schwab

        Hillary Schwab, BBO #666029
        Stephen Churchill, BBO #564158
        FAIR WORK, P.C.
        192 South Street, Suite 450
        Boston, MA 02111
        (617) 607-3260
        www.fairworklaw.com
        Email: hillary@fairworklaw.com, steve@fairworklaw.com

Dated:      June 3, 2013