UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANCY DeSAINT and BARBARA KEENAN, on behalf of themselves and others similarly situated,<br><br>    Plaintiffs,<br><br> v.<br><br>DELTA AIR LINES, INC.,<br><br>    Defendants. | CIVIL ACTION NO. 13-11856 |

**DEFENDANT DELTA AIR LINES, INC.'S
<u>NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT</u>**

PLEASE TAKE NOTICE that Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, the Local Rules of the District of Massachusetts and the Individual Rules of this Court, and upon: (1) the accompanying Memorandum of Law in Support of Defendant's Motion for Summary Judgment; (2) Defendant's Rule 56.1 Statement of Undisputed Material Facts in Support of Its Motion for Summary Judgment; and (3) the Affidavit of Brendan T. Killeen, and the exhibits attached thereto, will move this court, before the Honorable George A. O'Toole, Jr., in the United States District Court for the District of Massachusetts, at the Boston Courthouse, 1 Courthouse Way, Boston, MA 02210, on a date and at a time to be designated by the Court for an Order: (1) granting Defendant's Motion for Summary Judgment on all of Plaintiffs claims; and (2) awarding Defendant all costs and attorneys' fees incurred in connection with the instant action and motion.

**<u>MOTION</u>**

Plaintiffs have filed an action pursuant to Massachusetts General Law Chapter 149, Section 150 and the common law of Massachusetts. Defendant moves for summary judgment on

all claims contained in Plaintiffs' First Amended Class Action Complaint because Plaintiffs have failed to raise a genuine issue of material fact requiring trial and because Defendant is entitled to summary judgment as a matter of law.

Massachusetts Law does not dictate that an employer set a single wage rate for hourly employees such as Plaintiffs, and employers maintain flexibility to utilize other methodologies for calculating compensation so long as they ensure that employees are paid the hourly minimum wage for all time worked.  Accordingly, summary judgment must be granted on Plaintiffs' claims because Delta's Flight Attendant compensation policies assure that all Flight Attendants, including Plaintiffs, are credited and compensated well above the minimum wage for all of the time that they work.

Summary judgment must also be granted with respect to Plaintiffs' quasi-contract claims, as they are based solely on Plaintiffs' naked assertion that Defendant reaped unfair benefit through its alleged violation of the Massachusetts General Laws.  Plaintiffs' threadbare recitals of the elements of these causes of action cannot form the basis of a legitimate claim.  Moreover, as Plaintiffs have an adequate remedy at law under the Massachusetts General Law, they may not assert a duplicative claim for unjust enrichment.

For all of the foregoing reasons, Delta respectfully requests that this Court grant its motion for summary judgment on all counts in the Plaintiffs' First Amended Class Action Complaint.

## REQUEST FOR ORAL ARGUMENT

Delta requests oral argument on this motion pursuant to Local Rule 7.1(d).

-3-

        Respectfully submitted,

        MORGAN, LEWIS & BOCKIUS LLP


        /s/ Lisa Stephanian Burton

        Lisa Stephanian Burton (BBO # 562096)
        Peter J. Mee (BBO #677081)
        225 Franklin Street
        Boston, MA 02100
        (617) 341-7700
        (617) 341-7701 (facsimile)
        Email: lburton@morganlewis.com
                pmee@morganlewis.com

        Ira G. Rosenstein*
        Brendan T. Killeen*
        MORGAN, LEWIS & BOCKIUS, LLP
        101 Park Avenue
        New York, NY 10178
        (212) 309-6000
        (212) 309-6001 (facsimile)
        Email:  irosenstein@morganlewis.com
                bkilleen@morganlewis.com

        *Admitted Pro Hac Vice*

        *Attorneys for Defendant*


Dated:  May 9, 2014

## LOCAL RULE 7.1(A)(D) CERTIFICATE

Pursuant to Local Rule 7.1(a)(2), I, Lisa Stephanian Burton, an attorney with Morgan, Lewis & Bockius LLP and counsel for the Defendant, hereby certify that I communicated with counsel for Plaintiffs, in a good faith effort to resolve or narrow the issues set forth in the foregoing motion and report that no resolution on these matters was reached.

                                            */s/ Lisa Stephanian Burton*
                                            Lisa Stephanian Burton

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was filed through the ECF system on May 9, 2014 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                            */s/ Lisa Stephanian Burton*
                                            Lisa Stephanian Burton