UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11856-GAO

NANCY DESAINT and BARBARA KEENAN et al,
Plaintiffs,

v.

DELTA AIR LINES, INC.,
Defendant.

ORDER
July 8, 2015

O'TOOLE, D.J.

Having prevailed on its motion for summary judgment, defendant Delta Air Lines, Inc. now seeks $1995.12 in costs. Plaintiffs Nancy DeSaint and Barbara Keenan object, arguing that Delta requests non-recoverable expenses and that the costs should be reduced based on equitable concerns.

Under the Federal Rules of Civil Procedure, "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). 28 U.S.C. § 1920 lists the costs that are recoverable under Rule 54(d):

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may not award costs beyond those enumerated in § 1920. See In re Two Appeals Arising Out of the San Juan Dupont Plaza Hotel Fire Litig., 994 F.2d 956, 962 (1st Cir. 1993).

The plaintiffs argue that the costs of *pro hac vice* admissions and photocopying fall outside the scope of § 1920. This Court agrees that the *pro hac vice* admission fees of attorneys Ira Rosenstein and Brendan Killeen should not be taxed to the plaintiffs. This conclusion is consistent with other decisions in the District of Massachusetts. See Interfood, Inc. v. Select Veal Feeds, Inc., No. CIV. 12-10825-JLT, 2014 WL 690566, at * 2 (D. Mass. Feb. 19, 2014) (explaining that "the majority of the decisions within the District of Massachusetts . . . do not allow parties to tax pro hac vice costs"). Moreover, while the *pro hac vice* admission fee can be understood as a "fee of the clerk" under § 1920, "defendant's election to use out-of-state counsel, while perfectly appropriate, does not appear to be a cost that is fairly chargeable to plaintiff." Keurig, Inc. v. JBR, Inc., No. CIV. 11-11941-FDS, 2014 WL 2155083, at *2 (D. Mass. May 21, 2014). As a result, the Court will deduct $200 for *pro hac vice* admission fees from the total costs.

The plaintiffs also dispute the unexplained photocopying charges in Delta's bill of costs, which contains charges of $396.62 for over 3923 pages in copies under the heading "deposition exhibits for Nancy DeSaint, Barbara Keenan and Brian Moreau." (Ex. C at 1 (dkt. no. 51-3).) A prevailing party may recover copying costs under § 1920 where the copies are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). While a party need not provide "'page-by-page justification,'" it "'must offer some evidence of necessity.'" Osorio v. One World Techs., Inc., 834 F. Supp. 2d 20, 23 (D. Mass. 2011) (quoting Bowling v. Hasbro, Inc., 582 F. Supp. 2d 192, 210 (D.R.I. 2008)). Delta provides no explanation for why it needed nearly 4000 pages in copies. The invoice for the court reporter suggests the three depositions totaled 167 pages, and only 77 pages

of depositions were appended to Delta's motion for summary judgment. Without more information as to the necessity of these documents, the Court will deduct an additional $396.62 from the total costs.

Lastly, the plaintiffs argue that the Court should deny Delta's bill of costs in light of "the limited financial resources of [the] plaintiff[s]." Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir. 1988). While courts in this circuit have denied costs where they risk imposing a severe hardship on a party, see Anunciacao v. Caterpillar Japan, Ltd., 283 F.R.D. 44, 45 (D. Mass. 2012); Kuzman v. Hannaford Bros. Co., No. CV-04-87-B-W, 2005 WL 1981498, at *2 (D. Me. Aug. 10, 2005); Mulvihill v. Spalding Worldwide Sports, Inc., 239 F. Supp. 2d 121, 122 (D. Mass. 2002), the Court believes that the total costs in this action, which total $1398.50 after deducting $596.62 in photocopy costs and *pro hac vice* fees, are not overly burdensome. Accordingly, the Court declines to reduce the costs further.

For the foregoing reasons, the defendant's Bill of Costs (dkt. no. 51) is APPROVED in part. The plaintiffs are ordered to pay $1398.50 in costs to the defendant.

It is SO ORDERED.

                                                    /s/ George A. O'Toole, Jr.
                                                    United States District Judge